**In the Matter of Kevin A. HOLLOWAY.**

**No. 582S189.**

Supreme Court of Indiana.

Aug. 31, 1983.

---

Robert C. Collins, III, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Martha S. Hoover, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Disciplinary Commission of the Supreme Court of Indiana and Kevin A. Holloway, the Respondent herein, have entered into and tendered to this Court a Statement of Circumstances and Conditional Agreement for Discipline, pursuant to Ind.R.A.D. 23, Section 11(d). The Respondent has also submitted an affidavit required under the provisions of Ind.R.A.D. 23, Section 17(a).

This Court has examined the tendered agreement and finds that it should be approved. Accordingly, this Court now finds that the Respondent, a member of the Bar of this State, presently maintains an office for the practice of law in Indianapolis, Indiana.

Under the charges of Count I, we further find that, on or about October 27, 1980, Charles Lynch retained the Respondent to pursue a property damage action. The Respondent received $150 as retainer and $12 as filing fee. The parties agreed that the Respondent would receive a contingency fee based upon the recovery, if any. The Respondent filed the suit on December 4, 1980. The Defendant, after filing an answer, served interrogatories on the Plaintiff. The interrogatories have not been answered. In March, 1981, Mr. Lynch retrieved his files from the Respondent. The Respondent failed to withdraw his appearance until March 15, 1982, and failed to return the retainer fee.

As to Count II, this Court finds that, on or about November 4, 1980, the Respondent met with Charles Lynch and indicated to Lynch that he would defend Lynch in a suit arising out of a vehicular accident. The Respondent retained the complaint and summons which had been served on Lynch. No fee was agreed on and no retainer was paid. On November 24, 1980, a default judgment was entered against Lynch. Upon being contacted by Lynch, the Respondent informed Lynch that he would attempt to have the default judgment set aside by agreement with opposing counsel. The Respondent failed to contact opposing counsel and the default was not set aside. Lynch has gone through garnishment proceedings as a result of this default judgment. In March, 1981, Lynch retrieved his files.

As to the charges under Count III, we find that, in September, 1981, Mrs. Ozella Ferguson retained the Respondent to file a bankruptcy on her behalf. The Respondent was paid $100 at the initial contact and $200 in November, 1981, for a total of $300.

In February, 1982, Mrs. Ferguson, without the Respondent's aid, made arrangements with her creditors and decided against filing the bankruptcy. She informed the Respondent that his services were no longer necessary and requested re-

turn of her money. The Respondent returned $80, claiming the remainder as his fee for preparing and filing the petition for bankruptcy. The Respondent had not filed such petition.

On or about March 11, 1982, Mrs. Ferguson filed a Request for Investigation with the Indiana Supreme Court Disciplinary Commission, and a copy of the same was forwarded to the Respondent. On March 30, 1982, the Respondent sent to Mrs. Ferguson a "File Audit Letter", outlining services which he had performed for her prior to the bankruptcy matter. The letter showed that she owed $99 for past services and that the Respondent owed Mrs. Ferguson $121 of the above-mentioned $300. When Mrs. Ferguson called the Respondent and requested the return of the $121; he requested that she advise the Indianapolis Bar Association that her complaint was a misunderstanding. Mrs. Ferguson, however, refused to do so. After she again contacted the Indianapolis Bar Association and the Respondent concerning this matter, she received a check for $121 on May 12, 1982, under a cover letter stating that the check was "in full reimbursement, accord and satisfaction of our dispute regarding my fees for services performed".

Under Count IV, this Court finds that the Respondent represented Daniel Evans in a personal injury matter. On or about March 23, 1982, Farm Bureau Insurance Company issued a settlement check to Daniel Evans, Doris Evans and Kevin Holloway, their attorney. The check was endorsed, at Respondent's request, by Margaret Ann Arthur for Daniel Evans and Doris Evans, and by the Respondent. The Respondent informed Margaret Ann Arthur that Daniel Evans will receive approximately $900 in settlement within the following 2 weeks. The check was honored by Farm Bureau Insurance Company on or about April 6, 1982. From the date of Respondent's receipt of the check until June 29, 1982, when the Respondent paid to Daniel Evans $713, the Respondent made numerous misrepresentations to Margaret Ann Arthur as to why the money was not yet available. He failed to keep two appointments with Dan-

iel Evans and offered to purchase bus tickets for the Daniel Evans family in order to avoid their complaining to the "Bar Association". On or about July 2, 1982, Margaret Ann Arthur filed a Request for Investigation with the Disciplinary Commission. Shortly after the Respondent was notified of the above, he contacted Margaret Ann Arthur to have her abandon her complaint. He requested Daniel Evans to get his mother to abandon her complaint and in return therefore Respondent promised to assist Daniel Evans in securing employment.

This Court concludes that by engaging in the conduct described herein, the Respondent has violated Disciplinary Rules 1–102(A)(4), (5) and (6); 2–110(A)(3) and (B); 6–101(A)(3); 6–102(A); 7–101(A)(1) and (2) and 9–102(B)(1), (3) and (4) of the *Code of Professional Responsibility for Attorneys at Law*.

The misconduct exhibited by the Respondent in this case involves the violation of several principles of professional ethics. The Respondent deceived his clients, failed to promptly deliver unearned fees and other funds rightfully belonging to a client, neglected his clients' cases and abused his clients' trust. His numerous acts of professional misconduct have served to tarnish the integrity of the legal profession. They also exemplify Respondent's repeated inability to grasp the importance of adhering to professional ethics.

In light of the foregoing considerations and under the circumstances of this case, this Court finds further that the agreed to discipline, a period of suspension, is appropriate.

Accordingly, it is ordered that, by reason of the misconduct set forth in this case, the Respondent, Kevin A. Holloway, is hereby suspended from the practice of law for a period of forty-five (45) days beginning October 3, 1983. At the end of such period of suspension, the Respondent is eligible for automatic reinstatement pursuant to A.D. 23, Section 3(a).

Costs of this proceeding are assessed against the Respondent.